UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JASON BRIG and JOHN BUCHALA,

                                Plaintiffs,                            12 Civ. 5371 (RPP)

                            - against -                          **OPINION AND ORDER**

PORT AUTHORITY TRANS HUDSON,

                                Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Plaintiffs Jason Brig and John Buchala are prevailing parties under the Federal Rail Safety Act, 49 U.S.C. § 20109 (the "FRSA"). On December 16, 2013, Plaintiffs' attorney Marc Wietzke filed a motion and supporting memorandum of law and declaration seeking to recover $184,552.64 in attorney fees and litigation costs. (Mem. of Law in Supp. re: Mot. for Att'y Fees ("Pls.' Mem.") at 2, ECF No. 64; Aff. in Supp. re: Mot. for Att'y Fees ("Pls.' Decl.") ¶ 1, ECF No. 65.) On January 15, 2014, Defendant Port Authority Trans-Hudson Corporation ("PATH" or the "Defendant") submitted a response, arguing that the amount requested by Mr. Wietzke is excessive and unreasonable and therefore should be reduced. (Resp. to Mot. for Att'y Fees ("Def.'s Mem.") at 3, ECF No. 69.) On February 9, 2014, Mr. Wietzke filed a reply declaration that supplemented a number of aspects of his first submissions and clarified that Plaintiffs are requesting $178,800 in attorney fees—298 hours of work billed at $600 per hour—plus an



additional $9,112.64 in costs, for a total award of $187,912.64.[1] (See Reply Aff. in Supp. re: Mot. for Att'y Fees ("Pls.' Reply Decl."), ECF No. 72.)

For the reasons that follow, the Plaintiffs are awarded $128,115.00 in attorney fees—based on an hourly rate of $450 for 284.7 hours—and $9,112.64 in litigation costs.

## I. BACKGROUND

On March 24, 2010, the Plaintiffs, who are PATH employees, brought an action under the FRSA, alleging that the Defendant violated the FRSA by harassing, intimidating, and penalizing the Plaintiffs for reporting an incident in which they were almost struck by a consist. (See Compl. Against PATH, ECF No. 1.) Following a five-day trial, on June 28, 2013 a jury found for the Plaintiffs and awarded each of them $250,000 in compensatory damages and $500,000 in punitive damages. (See Judgment, July 19, 2013, ECF No. 41.) On November 21, 2013, the Plaintiffs agreed to a decreased damage award totaling $300,000 as a condition of the Court's denial of the Defendant's post-judgment motion for a new trial. (See Letter Accepting Decision Reducing Verdict, ECF No. 57.) The Plaintiffs now request an award for attorney fees and costs pursuant to § 20109(e) of the FRSA. (Pls.' Decl. ¶ 1.)

## II. LEGAL STANDARD

Under the FRSA, the relief provided to a prevailing plaintiff "shall include … litigation costs, expert witness fees, and reasonable attorney fees." 49 U.S.C. § 20109(e)(2). As the Second Circuit recently affirmed, "[b]oth this Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-N. R. Co., 658 F.3d 154,

---

[1] The original Plaintiffs' Memorandum and Plaintiffs' Declaration contain numerous internal inconsistencies—at various points of the submitted documents three different fee totals and two different costs totals are indicated—that previously obscured the precise amount of relief actually requested. These inconsistencies were remedied by the Plaintiffs' Reply Declaration, which clarified that Plaintiffs are requesting compensation for 298 hours billed at $600 per hour, or $178,800 in total attorney fees, plus $9,112.64 in costs. (Pls.' Reply Decl. at 1.)

166 (2d Cir. 2011) (citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The fee determined by the lodestar method is presumed reasonable because it "is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." Blum v. Stenson, 465 U.S. 886, 897 (1984) (internal citation and quotation omitted). Under the lodestar formulation, a reasonable fee is determined by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Perdue v. Kenny A., 559 U.S. 542, 542 (2010) (confirming that the lodestar calculation is the prevailing methodology for determining reasonable attorney fees).

Although the Defendant has requested that the Court take into account the twelve factors outlined by the Fifth Circuit in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the discretionary methodology articulated in Johnson was rejected by the Supreme Court in Perdue, which endorsed the lodestar's more objective and predictable calculation. See Perdue, 559 U.S. at 552 ("[U]nlike the Johnson approach, the lodestar calculation is 'objective,' and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results.") (citing Hensley, 461 U.S. at 433).

Accordingly, the lodestar method, "determining the amount of a reasonable fee [by calculating] the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," Hensley, 461 U.S. at 433, based on "prevailing market rates" in the district in which the case was brought, Perdue, 559 U.S. at 551 (citing Blum, 465 U.S. at 895), will be applied here. Under the lodestar method, "the fee applicant bears the burden of ... documenting the appropriate hours expended and hourly rates." Id. at 437.

## III.   DISCUSSION

### A.  Whether Mr. Wietzke's Time Was Reasonably Expended

In order to recover attorney fees in the Second Circuit, three conditions must be met with respect to the reasonableness of the time billed. First, the hours submitted must be documented with contemporaneous records. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Second, the records must not be overly vague. See Hensley, 461 U.S. at 433. Finally, the billed time must have been reasonably spent. Id. at 434. The Defendant challenges Mr. Wietzke's billed time on each of these grounds, arguing that his submissions are deficient in their documentation and reflect excessive or unnecessary work. (Def.'s Mem. at 10.) Upon review of Mr. Wietzke's timesheets and having considered the Defendant's arguments, the Defendant's contentions are found to be generally without merit and deducts only 13.3 hours of Mr. Wietzke's time as unreasonably billed, leaving the Plaintiffs with an award of 284.7 billable hours.

### 1.  *Whether the Time Records Submitted by Mr. Wietzke Are Contemporaneous*

The Defendant asserts that "[t]he billing record provided in support of [P]laintiffs' fee application appears to be nothing more than a table created by word processing software, and not contemporaneous time records as asserted by [P]laintiffs." (Def.'s Mem. at 10.) In support of this, the Defendant claims that "the purported timesheets lack any indicia of a timekeeping system, such as client name(s), client number, invoice number or invoice date, and the pages are unnumbered save for the numbering affixed by the [filing] system." (Id.) However, these alleged defects—which essentially amount to a critique of Mr. Wietzke's lack of a more sophisticated timekeeping system—do not reflect the requirements of the Second Circuit and do not foreclose Mr. Wietzke's records from meeting the contemporaneous requirement. See

Carey, 711 F.2d at 1148 (records need only specify "the date, the hours expended, and the nature of the work done"). The Plaintiffs have submitted that, during this matter, Mr. Wietzke entered "time directly into [his] spreadsheet program upon completion of the task at hand or at the end of the day" (Pls.' Decl. ¶ 21), and the specificity of the records themselves reflect that "[t]he time entries were made on the date the work was performed." (Id. ¶ 30.) Thus, the billing records submitted by the Plaintiffs were made contemporaneously.

2. *Whether Mr. Wietzke's Time Records Are Overly Vague or Non-Descriptive.*

The Defendant claims that the time records submitted by the Plaintiffs are documented in a deficient manner. (Def.'s Mem. at 10.) With respect to the documentation of hours billed, "[c]ounsel is not required to 'record in great detail how each minute of his time was expended,' but he should 'identify the general subject matter of his time expenditures.'" Hnot v. Willis Grp. Holdings Ltd., 01 Civ. 6558 (GEL), 2008 WL 1166309, at *5 (S.D.N.Y. Apr. 7, 2008) (citing Hensley, 461 U.S. at 437 n.12). As described in Hnot, "[s]o long as an attorney's records specify the date, the hours expended, and the nature of the work done, they are sufficient." 2008 WL 1166309, at *6 (internal quotation marks omitted) (citing Carey, 711 F.2d at 1148). Because the records submitted by the Plaintiffs contain each of these pieces of information (see Pls.' Decl. Ex. A), Mr. Wietzke's time entries are found to be sufficient in their documentation and not overly vague or non-descriptive.

3. *Whether the Time Billed by Mr. Wietzke Was Reasonably Spent*

Under the standards adopted by the Supreme Court, "[t]he district court ... should exclude from [its] fee calculation hours that were not 'reasonably expended.'" Hensley, 461 U.S. at 434 (internal citation omitted). Although the timesheets submitted by the Plaintiffs generally reflect time that was reasonably spent, and "it is unrealistic to expect a trial judge to

evaluate and rule on every entry in an application," Carey, 711 F.2d at 1146, there are two specific challenges by the Defendant that will be addressed directly: (1) the 0.2 hours for Mr. Wietzke's November 9, 2012 drafting of correspondence related to Defendant's Answer; and (2) the 27.9 hours billed from May 17, 2010 to June 21, 2012 as part of the Plaintiffs' Occupational and Safety and Health Administration ("OSHA") proceedings. (See Def.'s Mem. at 11-13.) The hours billed for Mr. Wietzke's travel time and the time spent on the Plaintiffs' Reply Declaration will also be reviewed.

### a. Whether Mr. Wietzke's November 9, 2012 Time Entry Represents Unnecessary Work

The Defendant argues that Mr. Wietzke's November 9, 2012 correspondence with PATH, for which he billed 0.2 hours,[2] was "needless in view of the fact that on September 24, 2012, Mr. Wietzke had signed a Stipulation that extended PATH's time to answer the Complaint to November 23, 2012, thus there was no reason to question why an Answer had not yet been filed." (Id. at 11.) A review of the letter itself (see Def.'s Mem. Ex. M) indicates that the Defendant's description of the document is accurate, and that the September 24, 2012 Stipulation (see Def.'s Mem. Ex. L) did in fact make such a communication unnecessary. This assertion was not challenged in the Plaintiffs' Reply Declaration. In light of these facts, the Court will deduct these 0.2 hours from the Plaintiffs' award.

### b. Whether Time Billed Related to the Plaintiffs' OSHA Proceedings Is Recoverable

When calculating the lodestar, "the number of hours spent on a case should include only those hours spent on claims eligible for fee-shifting." Millea, 658 F.3d at 168. The Defendant asserts that the 27.9 hours billed by Mr. Wietzke during the period of May 17, 2010 to June 21,

---

[2] Mr. Wietzke's time entry for this date reads as follows: "Draft correspondence to Ben Noren at PATH with Court Order and advising no Answer." (Pls.' Decl. Ex. A at 2.)

2012, which relate to work done pursuant to the OSHA complaint that preceded the Plaintiffs' FRSA enforcement action before this Court (see Pls.' Decl. Ex. A at 1-2), should be eliminated as they "account[] for time that was not spent on work on an enforcement action under [the FRSA]." (Def.'s Mem. at 11.) However, under the FRSA, an award for attorney fees is appropriate for "any action under subsection (d)." 49 U.S.C. § 20109(e)(1). One such action under subsection (d) is a "petition or other request for relief ... initiated by filing a complaint with the Secretary of Labor." 49 U.S.C. § 20109(d)(1).

In the instant matter, the Plaintiffs undertook a section 20109(d)(1) action by filing a complaint with OSHA, an agency of the Department of Labor that is charged with accepting and investigating FRSA complaints. (See Def.'s Mem. Ex. P.) Seeking such relief is not only recoverable under the FRSA as an action under subsection (d), it is a step that is required by the FRSA before an employee plaintiff is allowed to bring an FRSA action before a district court. 49 U.S.C. § 20109(d)(1). Accordingly, any hours billed pursuant to the Plaintiffs' OSHA proceedings are recoverable, and the 27.9 hours challenged by the Defendant will be awarded to the Plaintiffs in full.

### c. Whether Mr. Wietzke's Travel Time Will Be Awarded in Full

Between June 24, 2013 and June 28, 2013, Mr. Wietzke billed fifteen total hours at his full rate for "[t]ravel roundtrip to trial." (See Pls.' Decl. Ex. A at 6-7.) "Although it is within the Court's discretion to compensate counsel for travel time at full hourly rates, courts in [the Second Circuit] customarily reimburse attorneys for travel time at fifty percent of their hourly rates." Wilder v. Bernstein, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) (citing Jennette v. City of New York, 800 F. Supp. 1165, 1170 (S.D.N.Y. 1992); see also LV v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 526 (S.D.N.Y. 2010) ("Courts in this Circuit regularly reduce attorneys'

fees by 50 percent for travel time.") (internal citations omitted). The Defendant has not challenged Mr. Wietzke's full billing for travel time, but the Court finds it appropriate to follow Second Circuit custom in this case. Accordingly Mr. Wietzke's fifteen hours billed for travel time will be reduced by half to 7.5.

        d.  Whether Plaintiffs Should Recover Fees for Time Spent on the Plaintiffs' Reply Declaration

It is proper to award attorney fees for time sought in connection with the arguments and submissions made regarding a fee award request. See, e.g., Barati v. Metro-N. R. Co., 939 F. Supp. 2d 153, 156 n.1 (D. Conn. 2013). In this case, however, the Plaintiffs' Reply Declaration was submitted in large part to address deficiencies in the original submissions. The Court will therefore reduce the Plaintiffs' billable hours award by 5.6, the total amount of time Mr. Wietzke spent on the reply. (Pls.' Reply Decl. ¶ 3.)

## B. Whether the Hourly Rate Requested by Mr. Wietzke is Reasonable

In order to determine a reasonable rate, "the lodestar looks to 'the prevailing market rates in the relevant community.'" Perdue, 559 U.S. at 551 (citing Blum, 465 U.S. at 895). In the Second Circuit, the "relevant community to which the court should look is the district in which the case was brought." Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987)). The Plaintiffs are seeking an hourly rate of $600 (Pls.' Reply Decl. ¶ 2), and, without requesting any specific reduction, the Defendant argues that this rate is excessive based on prevailing market rates. (Def.'s Mem. at 5.) After reviewing the range of fees awarded to attorneys in the Southern District of New York and the Plaintiffs' submissions regarding Mr. Wietzke's skill and experience, the Court finds that a rate of $450 per hour is reasonable in this case.

"To determine the currently prevailing reasonable rate, courts look first to the lawyer's level of experience." Wong v. Hunda Glass Corp., 09 Civ. 4402 (RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (internal citation omitted). Mr. Wietzke has practiced for sixteen years, only ten of which have been "devoted exclusively to representation of railroad workers." (Pls.' Decl. ¶¶ 6-9.) He has tried twenty-two cases to verdict, nineteen of which were against railroads. (Id. ¶ 13.)

A review of the prevailing rate for an attorney of Mr. Wietzke's experience in the relevant community is then required. Here, the relevant community is the Southern District of New York. In this district, in a 2011 civil rights case, this Court awarded a supporting co-counsel with twenty-two years of experience, eleven of which had been devoted to "his own practice focused on civil rights litigation," an hourly rate of $450. Barbour v. City of White Plains, 788 F. Supp. 2d 216, 225 (S.D.N.Y. 2011), aff'd, 700 F.3d 631 (2d Cir. 2012). In 2009, an Eastern District of New York court analyzing the rates awarded in the Southern District found that "[a] review of precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600 ... with average awards increasing over time." Vilkhu v. City of New York, 06 Civ. 2095 (CPS), 2009 WL 1851019, at *4 (E.D.N.Y. June 26, 2009) (collecting cases), vacated on other grounds, 372 F. App'x 222 (2d Cir. 2010). In 2013, a court in the Southern District of New York found that "rates on the higher end of this [$250 to $600] spectrum [are] reserved for extraordinary attorneys held in unusually high regard in the legal community." Chen v. TYT E. Corp., 10 Civ. 5288 (PAC), 2013 WL 1903735, at *2 (S.D.N.Y. May 8, 2013) (internal citation and quotation marks omitted); see also Wong, 2010 WL 3452417, at *3 ("[T]he range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is

9

between $250 per hour and $350 per hour."); Heng Chan v. Sung Yue Tung Corp., 03 Civ. 6048 (GEL), 2007 WL 1373118, at *3 (S.D.N.Y. May 8, 2007) (awarding $450 to first-chair attorney with sixteen years' experience and $400 to advisory attorney with fifteen years' experience); Garcia v. Giorgio's Brick Oven & Wine Bar, 11 Civ. 4689 (FM), 2012 WL 3339220, at *7 (S.D.N.Y. Aug. 15, 2012) (recommending an award of $350 per hour to employment attorney with 13 years' experience), adopted by 11 Civ. 4689 (LLS), 2012 WL 3893537 (S.D.N.Y. Sept. 7, 2012). In light of these previous awards and Mr. Wietzke's skill and experience, a rate of $600 per hour is not appropriate here, and a rate of $450 an hour is awarded.[3]

### C. Whether Plaintiffs' Litigation Costs Were Reasonably Incurred

Under the FRSA, relief to a prevailing employee plaintiff "shall include ... litigation costs." 49 U.S.C. § 20109(e)(2). In the Second Circuit, "[i]t is well-settled that 'attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" Marisol A., 111 F. Supp. 2d at 401 (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)). A "fee applicant ... bears the burden of proving the reasonableness of the ... costs," Gonzalez v. Bratton, 147 F. Supp. 2d 180, 211 (S.D.N.Y. 2001) aff'd, 48 F. App'x 363 (2d Cir. 2002) (citing Savoie v. Merchants Bank, 166 F.3d 456 (2d Cir.

---

[3] In support of their request for a $600 per hour rate, the Plaintiffs submit an affidavit from Charles C. Goetsch, the lead attorney for the plaintiff in Barati. (Pls.' Decl. Ex. C, Att'y Fee Aff. of Charles C. Goetsch ("Goetsch Aff.") ¶ 5.) In Barati, Mr. Goetsch—who has thirty-three years of litigation experience and has tried fifty-five federal cases before juries and courts at the district level (id. ¶ 4)—requested fees billed at $550 per hour from the District of Connecticut. 939 F. Supp. 2d at 156. The court awarded Mr. Goetsch an hourly rate of $525, noting that "Attorney Goetsch is undeniably a leading specialist in the law governing railroad employees' rights . . . [making] him more efficient, creative, and effective for his railroad employee clients." Id. Mr. Goetsch has significantly more experience than Mr. Wietzke, who has practiced for less than half the time of Mr. Goetsch and has tried fewer than half as many cases. (See Pls.' Decl. ¶¶ 9-13.) Recently, the District of Connecticut awarded $410 as a reasonable hourly rate for an attorney with greater experience than Mr. Wietzke. See Serricchio v. Wachovia Securities, LLC, 706 F. Supp. 2d 237, 255-56 (D. Conn. 2010) (awarding a rate of $410 per hour to a partner with nineteen years experience).

1999)), and "plaintiff's counsel must substantiate any claims for reimbursement." Cover v. Potter, 05 Civ. 7039 (GAY), 2008 WL 4093043, at *8 (S.D.N.Y. Aug. 29, 2008) (internal citation omitted). The Plaintiffs have met these requirements by submitting a spreadsheet summarizing the costs related to the instant litigation, which total $9,112.64 (see Pls.' Decl. Ex. B.), as well as invoices and billing and payment information for each expense. (Pls.' Reply Decl. Exs. F-I.) While the Defendant argues that a number of the Plaintiffs' submitted expenses are unreasonable or deficient in their documentation (Def.'s Mem. at 14-15), the Court finds these claims to be without merit and awards the Plaintiffs their full expense request of $9,112.64.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiffs are awarded a total of $137,227.64 in attorney fees and litigation costs, based on an award of $128,115.00 in attorney fees and $9,112.64 in costs.

SO ORDERED.

Dated: New York, New York
       March 28, 2014

                                          Robert P. Patterson, Jr.
                                          United States District Judge

Copies of this Opinion and Order were sent to:

**Marc Twyman Wietzke**
Flynn & Wietzke, P.C.
1205 Franklin Avenue
Garden City, NY 11530
516 877 1234
Fax: 516 877 1177
Email: mwietzke@felaattorney.com

11

**Karla Daniella Denalli**
The Port Authority of New York and New Jersey
225 Park Avenue South - 14th Floor
New York, NY 10003
(212)-435-3436
Fax: (212)-435-3834
Email: kdenalli@panynj.gov

12